CAUSE NO. _____

| | | |
|---|---|---|
| **GAY ANN WATSON** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| **REGIONS BANK DBA REGIONS MORTGAGE,** | § | |
| | § | |
| **Defendant.** | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Gay Ann Watson ("Plaintiff" herein), filing this Original Petition, Application for Injunctive Relief, and Request for Disclosures complaining of Regions Bank DBA Regions Mortgage ("Defendant" herein) and for causes of action would respectfully show the Court as follows:

### DISCOVERY

1.  Plaintiff intends to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

### PARTIES

2.  Plaintiff is an individual who resides in Collin County, Texas and may be served with process on the undersigned legal counsel.

3.  Regions Bank DBA Regions Mortgage is a foreign corporate fiduciary located in the State of Alabama which conducts business in Collin County, Texas and may be served with process as follows:

Regions Bank DBA Regions Mortgage

c/o its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Defendant, because this defendant is a foreign entity which conducts business in Collin County, Texas.

5. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is mandatory in Collin County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Collin County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## RELEVANT FACTS

6. Plaintiff and her husband, Randy Watson, obtained the Property located at 3432 Glenwood Ln, Plano, Texas 75074 (the "Property") on or about February 8, 1987. Plaintiff obtained the Property via a warranty deed executed by Joyce and James Terrell, which is recorded in the real property records of Collin County, Texas under Volume 2591, Page 549.  The Terrell's had obtained the Property on or about July 15, 1986 via a warranty deed executed by Jodi and Kyle Kerby, which is recorded in the real property records of Collin County, Texas under Volume 2442, Page 34.  The Kerby's had executed a Note in the amount of $61,800 ("Note") as well as a Deed of Trust wherein North American Mortgage Company was listed as the lender ("Deed of Trust").  The Deed of Trust was recorded in the real property records of Collin County, Texas under Volume 2366, Page 983.  The Note and Deed of Trust are collectively referred to as the Loan.  Upon information and belief, the Loan was assigned to Defendant.  Cenlar FSB is acting as the mortgage servicer on behalf of Defendant.  Plaintiff assumed the Loan when she acquired the Property and

has been making the payments ever since.

7. However, due to health issues wherein Plaintiff was forced into a wheelchair and could not work at her teaching job in 2019, followed by COVID-19 related issues with the economy in 2020 that impacted her husband's business, Plaintiff fell behind on the mortgage payments.

8. Plaintiff contacted what was alleged to be a foreclosure rescue service in October 2021 that informed her she would qualify for mortgage assistance from the HUD Covid 19 relief program. The phone number that contacted Plaintiff, actually had a phone number that showed it was Cenlar calling her. The rescue service convinced Plaintiff to pay them approximately $2,000 for their services and they would walk her through the process and help her obtain the Covid mortgage relief funds. However, it turned out to be a scam. Plaintiff never obtained any relief, and when she inquired further, learned that there was not a program like that available to her at the time.

9. Plaintiff then contacted Defendant to find out what she could do to obtain loss mitigation assistance. Defendant advised her they are sending her a loan modification application to fill out and turn back into them. They also advised her they were sending her updated payoff and reinstatement figures so she could see what amounts she needed to satisfy the debt obligation.

10. However, Plaintiff has not yet received the loss mitigation packet, nor the figures from Defendant. Furthermore, the Property is currently posted for the December 7, 2021 foreclosure sale date, and despite Defendant's assurances they would allow her to apply for and review her for the modification or loss mitigation assistance, they have not informed Plaintiff that the sale has been cancelled. Unless the foreclosure sale gets cancelled, the promises Defendant made to Plaintiff will become moot.

11. Plaintiff has accumulated significant equity in the Property, which is now valued at approximately $220,00. The payoff on Plaintiff's Loan is approximately $22,000, and her monthly

mortgage payment is only about $479.  Plaintiff faces the loss of her homestead and the nest egg she has accumulated over the years if Defendant is allowed to foreclose.   Plaintiff has attempted to make payments, but Defendant will not accept them.

12. Plaintiff has suffered severe mental anguish, including, but not limited to, loss of sleep, disruption of work and daily life, stressors on the marriage, and strains on relationships with friends and family.

13. Plaintiff has also suffered economic damages, out of pocket expenses, and lost time and earnings. Their credit has suffered and the ability to obtain financing or extensions of credit has been severely impaired.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

14. Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendant's affiliated entities by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

15. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

16. The actions committed by Defendant constitutes breach of contract because:

   A. There exists a valid, enforceable contract between Plaintiff and Defendant; the Deed of Trust;

   B. Plaintiff has standing to sue for breach of contract;

   C. Plaintiff performed, tendered performance, or was excused from performing his contractual obligations;

   D. Defendant breached their contract by failing to provide default notices to Plaintiff; and

   E. The breach of contract by Defendant caused Plaintiff's injury – numerous erroneous expenses, overcharges, penalties, and interest on the Loan.

## SECOND CAUSE OF ACTION: COMMON LAW FRAUD

17. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

18. The actions committed by Defendant constitutes common law fraud because Defendant made false and material representations to Plaintiff by, among other things, misstating and misinforming Plaintiff that she was not allowed to obtain her own insurance, and falsely asserting that Plaintiff could access her loan online only to block her access.  Defendant knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Defendant made these representations with the intent that Plaintiff act on them and Plaintiff relied on these representations which caused Plaintiff's injury which is described below in the Damages section.

## FOURTH CAUSE OF ACTION: VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

Plaintiff's Original Petition         5

19. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

20. This includes an action for violations of the Texas Debt Collection Act ("TDCA") against Defendants. *See* Tex. Fin. Code §§ 392.001 et seq.

21. Plaintiff is a "consumer" within the meaning of Section 392.001 of the Texas Finance Code, and the debt in question relating to the Property is a "consumer debt" within the meaning of such statute.

22. Defendant is a debt collector. "Debt collection" is defined as the act or practice "in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." A "debt collector" therefore includes a creditor who is collecting its own debt. *Smith v. Heard*, 980 S.W.2d 693, (Tex. App.—San Antonio, 1998, pet. denied) (A creditor is not excused from following the provisions of the TDCA on the basis that the debt is owed directly to the creditor).

23. The acts, omissions, and conduct of Defendant, as alleged above, herein, and below, constitute violations of the following provisions of the TDCA:

   a. Threatening to take an action prohibited by law, specifically seeking to sell the Property at a foreclosure sale in violation of state law. *See* Tex. Fin. Code §§ 392.301(a)(8).

   b. Using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8).

   c. Misrepresenting the status or nature of the services rendered by the debt collector. *See* Tex. Fin. Code § 392.304(a)(14).

      d.  Using other false representation or deceptive means to collect a debt. *See* Tex. Fin. Code § 392.304(a)(19).

24.    Defendant seeks to sell the Property at a foreclosure sale while at the same time committing fraud and breach of contract, and posting the property in violation of Texas law.

25.    Additionally, Defendant made significant types of misrepresentations to Plaintiff about the status of the loan and its own services constituting violations of TDCA Sections 392.304(a)(8), 392.304(a)(19), and 392.304(a)(14).

26.    First, Defendant represented to Plaintiff the ability to apply for a loan modification. Each time this representation was made, it was false, misleading, and deceptive in violation of TDCA Section 392.304(a)(8).

27.    Further, Defendants made misrepresentations about the information in the Loan, the amount that was actually due, the status of Plaintiff's Loan, the ability to access the loan information online, and also the nature of services that Defendant and its representatives could provide. Therefore, these misrepresentations also violated TDCA Section 392.304(a)(14).

28.    As a result of these violations of the TDCA, Plaintiff is entitled to relief provided by Section 392.403, including but not limited to recovery of all actual damages sustained as a result of violations of the TDCA, all actual direct and indirect economic damages, damages for lost time, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages. Plaintiff is also entitled to exemplary damages and attorneys' fees. *See* Tex. Fin. Code § 392.403.

### FIFTH CAUSE OF ACTION: BREACH OF DUTY OF COOPERATION

29.    To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

30. Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." This duty "requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied).

31. As described above, Defendant misled Plaintiff with oral and written representations regarding the Loan, representations that were untrue. Defendant did not provide Plaintiff with the information needed to properly perform the obligations of the Loan. Defendant has therefore breached the implied duty of cooperation. Plaintiff has suffered damages as a result as more fully described in the Damages section below.

## DAMAGES:

## ACTUAL DAMAGES

32. Plaintiff is entitled to recover actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

33. Plaintiff faces loss of equity in the Property if Defendant is permitted to foreclose. Plaintiff suffered lost time damages as a direct result of attempting to save the Property and in connection with the threat of foreclosure. Plaintiff also suffered economic damages through payment and expenses incurred and lost time damages, payment of improper fees, expenses, and charges forced by Defendant's misconduct.

34. Further, Plaintiff suffered mental anguish damages in connection with Defendant's violations and threat to foreclose on the Property. Plaintiff's mental anguish caused a substantial disruption in daily routine and job performance. Specifically, the mental anguish caused by the improper conduct, Plaintiff's frustrated efforts to resolve the improper conduct, and the threatened

foreclosure sale, interfered with Plaintiff's ability to sleep and perform normal daily activities.

## EXEMPLARY DAMAGES

35. Plaintiff is entitled to recover his exemplary damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court. *See Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1011 (5th Cir. 1998); *Enis v. Bank of Am., N.A.*, No. 3:12-CV- 0295-D, 2012 WL 4741073, at *8 (N.D. Tex. Oct. 3, 2012) (Fitzwater, J.).

## ATTORNEYS' FEES

36. Pursuant to Section 392.403 of the Texas Finance Code, Plaintiff is entitled to recover attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court.

37. Plaintiff was forced to employ the undersigned attorneys and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

38. All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## REQUEST FOR DISCLOSURES

39. Defendant is hereby requested to disclose to Plaintiff, within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

40. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

41. Unless Defendant is enjoined, Plaintiff will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property and potentially causing Plaintiff to be dispossessed of the Property. Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail himself will not give him as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

42. Therefore, Plaintiff requests that this Court issue a Temporary Restraining Order and, thereafter, a Temporary Injunction, to restrain Defendant and its agents from selling the real property commonly known as 3432 Glenwood Lane, Plano, Texas 75074 (the "Property") as well as from taking any legal action to evict Plaintiff and any other occupants from, or enforcing a writ of possession regarding, the aforementioned property.

43. Plaintiff is likely to prevail on the merits of the lawsuit as described above.

44. The granting of the relief requested is not inconsistent with public policy considerations.

## **BOND**

45. Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

    A.      Defendant be cited to appear and answer herein;

    B.      The Court conduct a hearing on Plaintiff's Application for Injunctive Relief;

    C.      A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendant who receive actual notice of the Order, by personal service or otherwise, from selling the real property which is the subject matter of this lawsuit and is commonly known as 3432 Glenwood Lane, Plano, Texas 75074 (the "Property"); and

    D.      Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for Plaintiff's actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

                Respectfully submitted,

                /s/ Jason A. LeBoeuf
                JASON A. LEBOEUF
                Texas Bar Number 24032662
                LeBoeuf Law Firm, PLLC
                675 Town Square Blvd, Suite 200
                Building 1A
                Garland, Texas 75040
                T: (214) 206-7423
                F: (214) 730-5944
                jason@leboeuflawfirm.com

CAUSE NO. 471-06685-2021

| | | |
|---|---|---|
| GAY ANN WATSON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 471 JUDICIAL DISTRICT |
| | § | |
| REGIONS BANK DBA REGIONS MORTGAGE, | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

### TEMPORARY RESTRAINING ORDER

ON THIS DATE the Plaintiff's Application for Injunctive Relief ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments of legal counsel at the hearing, IT CLEARLY APPEARS THAT:

A. Unless Defendants, their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendants may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property identified and described in the Petition and potentially causing Plaintiff to be dispossessed of the Property or take legal action to evict Plaintiff or any other occupants from the aforementioned Property or enforcing a writ of possession regarding the aforementioned Property, and Plaintiff will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and Defendants may commit the foregoing before notice and hearing on Plaintiff's Application for Injunctive Relief.

B. Plaintiff will suffer an irreparable harm if Defendants, their agents, employees, directors, shareholders, and legal counsel are not restrained immediately because Defendants have

1

scheduled Plaintiff's Property for a foreclosure sale to take place on December 7, 2021 - that is real property and Plaintiff's homestead, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiff complete, final, and equitable relief.

C.  Plaintiff has provided notice to Defendants through telephone and/or electronic mail communication with Defendants' agent(s) in the aforementioned lawsuit, of the filing of Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures as well as Temporary Restraining Order at least two (2) hours before this Court conducted this hearing.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants, their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to immediately cease and desist from selling the real property which is the subject matter of this lawsuit and is commonly known as 3432 Glenwood Ln, Plano, Texas 75074 as well as from taking any legal action to evict Plaintiff or any other occupants from the aforementioned property or enforcing a writ of possession regarding the aforementioned property. Defendants, their agents, employees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Application for Temporary Injunction be heard on the 20th day of December, 2021 starting at 9:00 (a.m.) in the courtroom of the 471st District Court of Collin County located at the Russell A. Steindam Courts Building at 2100 Bloomdale Rd., McKinney, Texas 75071 and that Defendants are commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendants.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon

2

the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Collin County District Clerk, a bond in the amount of $75.00, in due conformity with applicable law. The bond may be in the form of cash, cashier's check, or a check drawn from operating account of Plaintiff's attorney's law firm.

SIGNED and ENTERED this the 10th day of December, 2021, at 10:00 (a.m.)/p.m.

Andrea K. Bouressa
JUDGE PRESIDING

3

